**Husejn MEHMEDOVIC, Nailje Mehmedovic, Petitioners,**

**v.**

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3230–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Sam Gjoni, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Assistant Attorney General; Janice Redfern, Trial Attorney; Gregory M. Kelch, Attorney, U.S. Dept. of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Husejn and Nailje Mehmedovic, natives of Yugoslavia and citizens of Montenegro, seek review of a June 29, 2007 order of the BIA denying their motion to reopen. *In re Husejn Mehmedovic and Nailje Mehmedovic,* Nos. A77 007 295, A77 007 296 (B.I.A. Jun. 29, 2004).[2] We assume the

parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for an excess of allowable discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An excess of allowable "discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not exceed its allowable discretion in denying Mehmedovic's motion to reopen. As a general rule, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, these time and numerical limitations do not apply to a motion to reopen proceedings to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, in support of his motion to reopen, Mehmedovic provided: (1) an Amnesty International press release about an incident in October 2006 in which Montenegrin police allegedly abused fourteen ethnic Albanians; (2) a newspaper article about the same incident; (3) a 2006 news article condemning Mon-

---

**2.** Because Husejn Mehmedovic was the lead applicant during the agency proceedings, we refer exclusively to him in this order.

tenegrin police for detaining Albanians who travel through the country and turning them over to Serbian authorities; and (4) materials distributed in 2006 by an Albanian–American affinity group during a protest of the Montenegrin diplomatic delegation in Washington, D.C. However, the BIA found that this evidence did not demonstrate "deteriorating conditions materially affecting his eligibility for asylum."

In his brief, Mehmedovic refers generally to the evidence he submitted and suggests that conditions in Montenegro are deteriorating, without providing specific arguments as to how the BIA abused its discretion. While the documents Mehmedovic submitted detail discrimination and abuse of ethnic Albanians in Montenegro, we cannot find, contrary to the agency, that the situation described represents materially changed conditions as compared to the situation described in the 2000 Country Report relied on by the IJ in his decision. Therefore, the BIA did not act arbitrarily or capriciously in finding that Mehmedovic's evidence was insufficient to warrant reopening, and its denial of the motion to reopen was proper. *Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.